# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

EMANUEL SHARPE,

    Petitioner,

vs.                                                                          Case No. 4:05cv164-RH/WCS

JAMES V. CROSBY,

    Respondent.

_____/

## ORDER TO RESPOND TO § 2254 PETITION

As directed by the court, doc. 5, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 6. The initial petition was filed on May 9, 2005 (the date delivered to prison officials for mailing). Doc. 1.

Petitioner was also directed to pay the filing fee or explain his inability to do so. Doc. 5. Review of the file reveals that Petitioner submitted a cover letter with his initial petition, explaining that he had lost his prison job. He submitted a cover letter with the amended petition, indicating that two weeks prior to the letter (dated May 31, 2005) he submitted forms at the institution to have the filing fee withdrawn from his account, but the funds had not yet been taken. Neither of the cover letters was filed by the clerk.

Given the loss of his job and attempts to have funds taken from his account, the court will grant the application to proceed in forma pauperis so the case may proceed without further delay.  Doc. 2.  Presumably the fee will be received in due course.

The court has reviewed the amended petition and Respondent will now be required to file an answer which addresses the allegations in the petition.  § 2254 Rule 5(a).  "In addition, it must state whether any claim in the petition *is* barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  *Id.* (emphasis added).  Conversely, there is no reason to argue the facts or law relevant to whether a claim is barred if Respondent concedes that the claim *is not* barred in this case.[1]  Respondent shall include references to the record (included with the answer pursuant to § 2254 Rule 5(d)) and citations to *directly relevant* legal authority, and shall omit generic or "boiler plate" legal language.

If a procedural argument not going to the merits is raised, Respondent may await a ruling on that defense before filing an answer on the merits.

Petitioner may file a reply to Respondent's arguments within the time set by this order, but is not required to do so.  § 2254 Rule 5(e).

The court will review the record after the answer and Petitioner's reply (if any) are filed.  If it does not appear that a hearing or additional argument is warranted, then the undersigned will enter a report and recommendation for disposition of the § 2254 petition; if an evidentiary hearing is warranted, counsel will be appointed.  § 2254 Rule 8.

---

[1] It is noted that Respondent may respond to the merits without waiving the exhaustion requirement.  *See* § 2254(b)(2) and § 2254(b)(3).

Accordingly, it is **ORDERED:**

1. Leave to proceed in forma pauperis (doc. 2) is **GRANTED**.

2. The clerk shall furnish a copy of the amended § 2254 petition (doc. 6), along with this order, to Respondent and the Attorney General of the State of Florida.

3. Respondent shall file an answer or other pleading on or before **August 15, 2005.** If voluminous exhibits or records (such as transcripts) are submitted in support of the answer, **paper copies shall be provided to the court**.

4. Petitioner shall have until **September 15, 2005**, to file a reply, if desired.

**DONE AND ORDERED** on June 14, 2005.

        s/   William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**