**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EMANUEL SHARPE,**

    Petitioner,

vs.

                                            **CASE NO. 4:05cv164-RH/WCS**

**JAMES McDONOUGH,**[1]

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This is an amended petition for writ of habeas corpus filed by Emanuel Sharpe pursuant to 28 U.S.C. § 2254. Doc. 6. Petitioner challenges his convictions for sexual battery upon a child less than 12 years of age (two counts) in the Circuit Court of the Second Judicial Circuit, in and for Madison County, Florida, case number 00-121-CF. Respondent filed an answer, doc. 11, and Petitioner filed a traverse, doc. 13. Respondent concedes that the petition was timely filed.

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).

If a claim was not fairly presented but is procedurally barred from further state court review,[2] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For claims that were properly exhausted and adjudicated in state court, this court's review is limited as to legal findings. A petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

---

[2] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available." The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default. *See* O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 404-406, 120 S.Ct. 1495, 1519-1520, 146 L.Ed.2d 389 (2000); Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citing Williams). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court precedent. Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850.

**Ground One**

Petitioner contends that his Sixth Amendment right to a public trial was denied when the state court closed the courtroom for the victim's testimony and did not reopen the courtroom thereafter. Respondent contends that the issue is procedurally defaulted because Petitioner did not make a contemporaneous objection when the trial court was closed to the public.

The Sixth Amendment affords an accused a right to a public trial. Waller v. Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984). Before a trial may be closed to the public,

> the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

467 U.S. at 48, 104 S.Ct. at 2216.

Petitioner presented this federal claim on direct appeal. Doc. 12, Ex. E (initial brief on appeal), pp. 18-24. The State argued that the claim could not be heard on the merits because Petitioner "failed to preserve any closure issue for appellate review." *Id.*, Ex. F (answer brief), p. 9. It was argued that the record was not clear whether the closure was "full" or only partial during the testimony of the child victim. *Id.*, p. 5. It was also argued that after the child victim testified, four people were in the courtroom, thus indicating that the closure for the child victim's testimony did not continue. *Id.*, p. 9. The State said that the closure for prosecution witness Benyard's testimony only involved removal of the four persons from the courtroom, and pointed out that it was unknown whether anyone else was permitted to remain. *Id.* The State contended that "[r]egardless of the type of closure [full or partial for the testimony of the child victim], the case law is clear that to preserve any closure issue for appellate review, one must object," and extensively quoted from Alvarez v. State, 827 So. 2d 269, 275-276 (Fla. 4th DCA 2002) (*en banc*), *review denied*, 845 So. 2d 887 (2003), receding from Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999). *Id.*, pp. 11-18. The State made no argument as to the merits of the public trial claim. The First District Court of Appeal affirmed without an opinion. *Id.*, Ex. H; Sharpe v. State, 853 So. 2d 413 (Fla. 1st DCA 2001) (Table).

Florida courts do not consider the merits of a Sixth Amendment public trial claim if there was no objection at the trial level.  Alvarez v. State; Jones v. State, 883 So. 2d 369, 370 (Fla. 3d DCA 2004).  Under Florida law, therefore, Petitioner procedurally defaulted his public trial claim by failing to object at trial.

Where the defaulted federal claim was presented to a state court and the state court's decision rests on the independent and adequate state ground of procedural default, a federal court will not address the merits of the federal claim absent a showing of cause and prejudice for the default.  Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55; Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).  On the other hand, where defaulted claims are presented and the state court's decision "fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition."  Coleman, 501 U.S. at 735, 111 S.Ct. at 2557 (footnote omitted); Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).

The case at bar is different, however, because the procedural bar occurred at the trial level by a failure to object, and the only state court presented with the claim, the First District Court of Appeal, wrote no opinion.  Under these circumstances, it must be presumed that the First District Court of Appeal relied upon the procedural bar.  "When a state court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, we 'cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim.' " Zeigler v. Crosby, 345 F.3d 1300,1310 (11th Cir. 2003), *cert. denied*, 543 U.S. 842

(2004), *quoting* Kight v. Singletary, 50 F.3d 1539 (11th Cir. 1995), *cert. denied*, 516 U.S. 1077 (1996),[3] which in turn cited Tower v. Phillips, 7 F.3d 206 (11th Cir. 1993).[4]

For this court to reach the merits of ground one, therefore, Petitioner must demonstrate cause for the procedural default and actual prejudice, or demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. at 750. Petitioner has not done so.

Petitioner cannot argue that the cause for his procedural default was ineffective assistance of trial counsel for failure to object to the closing of the trial because he did not make that claim in his Rule 3.850 motion and the claim is not exhausted. Doc. 12, Ex. I. Before a claim of ineffective assistance of counsel can constitute cause for a

---

[3] In Kight v. Singletary, 50 F.3d 1539 (11th Cir. 1995), *cert. denied*, 516 U.S. 1077 (1996), the defendant had failed to object to the instructions to the jury during his sentencing in a death case. 50 F.3d at 1544. The Eleventh Circuit noted that under Florida law, "a claim not objected to at trial is not preserved for appeal . . . ." *Id*. Defendant Kight argued that the procedural bar "expired" because the Florida Supreme Court had summarily denied his second petition for writ of habeas corpus. *Id*. The Eleventh Circuit that there was nothing in this summary denial discussing the federal claim. 50 F.3d at 1545. The court concluded that it could not "assume that had the Florida Supreme Court explained its reasoning, it would have reached the merits of Kight's claim." *Id*. The court further noted that the claim was "clearly meritorious." *Id*. The court concluded: "Where, as here, a clearly meritorious claim is procedurally barred and the state court denies relief without opinion, 'the most reasonable assumption is that . . . the state court . . . enforce the procedural bar.' " *Id*.

[4] In Tower v. Phillips, 7 F.3d 206 (11th Cir. 1993), there was no direct appeal and no state ruling at all on the petitioner's claims. 7 F.3d at 211. The court said:

> *Coleman* and *Ylst*[] lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar.

*Id*.

Case No. 4:05cv164-RH/WCS

default, the ineffectiveness claim itself must be properly exhausted and not defaulted. Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1591-92, 146 L.Ed.2d 518 (2000).[5] Therefore, the court cannot reach the merits of ground one.

**Ground Two**

Petitioner asserts that the final argument by the prosecution was so improper as to deprive him of a fundamentally fair trial and was a denial of due process. In part he relies upon the final comments of the prosecutor. Doc. 13, p. 7, citing pp. 315-316 of the trial transcript (doc. 12, Ex. B).[6] Petitioner also contends that the prosecutor improperly sought to elicit sympathy for the victim. Noted with respect to this aspect of the claim are pages 291-294 and 315 of the trial transcript. Doc. 13, pp. 6-7.

Prosecutorial argument does not constitute reversible error unless it renders the trial so fundamentally unfair as to amount to a denial of due process, or unless the argument so prejudices another specific constitutional right, such as the privilege against self-incrimination, as to amount to denial of that specific right. Donnelly v. DeChristoforo, 416 U.S. 637, 643-645, 94 S.Ct. 1868, 1871-1872, 40 L.Ed.2d 431 (1974). As reiterated by the Eleventh Circuit:

> To find prosecutorial misconduct, a two-element test must be met: " '(1) the remarks must be improper, and (2) the remarks must prejudicially

---

[5] Even if the merits of an ineffective assistance of counsel claim were before this court, Petitioner would have to show prejudice to the guilt phase of the trial. Purvis v. Crosby, __ F.3d __, 2006 WL 1525931 (11th Cir., June 6, 2006). It is doubtful that he could show that had these portions of the trial remained opened, the jury probably would have returned a different verdict.

[6] Petitioner refers to pages 394-395, which are handwritten at the bottom of the transcript. The court will use the typewritten pagination of the transcript in the top right corner.

> affect the substantial rights of the defendant.' " *United States v. Gonzalez*, 122 F.3d 1383, 1389 (11th Cir.1997) (quoting *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir.1991)); *see also United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir.1995). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome [of the trial] would be different." *United States v. Hall*, 47 F.3d 1091, 1098 (11th Cir.1995) (citing *Kennedy v. Dugger*, 933 F.2d 905, 914 (11th Cir.1991)). The court makes this determination in the "'context of the entire trial and in light of any curative instruction.' " *United States v. Chirinos*, 112 F.3d 1089, 1098 (11th Cir.1997) (quoting *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir.1996)); *Thomas*, 62 F.3d at 1343 (curative instruction may render prejudicial remark harmless).

United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998).

> In determining whether improper argument rises to this level, "we must ask whether there is a 'reasonable probability' that, but for the prosecutor's offending remarks, the outcome of the [guilt or] sentencing [proceeding] would have been different." "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome."

Kennedy v. Dugger, 933 F.2d 905, 914 (11th Cir. 1991)(citation omitted).

The prosecutor spent much of his initial closing argument discussing the evidence and urging credibility findings in favor of the State. Doc. 12, Ex. B, pp. 291-302. He began his argument by referring to the victim as a "brave little girl," and argued that she was "worthy of belief" by "demeanor alone." *Id.*, p. 291. He pointed out that she had testified "about some very personal matters that the defendant inflicted upon her. Those were real tears that rolled down her eyes as she described these horrible things that he had done to her." *Id.*, p. 292.

The prosecutor pointed out that the victim "hung her head," and suggested that this was because she was "still thinking that this was a horrible thing that happened to her and something that she certainly didn't deserve." *Id.* The prosecutor argued:

> But more so than that it is committed by an uncle she really liked. Somebody she trusted and somebody she really cared for. What did he

> do? He robbed her of her childhood, a little eight-year-old girl. He stole her childhood away from her.
>
> We saw how she put her hands up to her face when she was trying her best to tell you all about these horrible acts that he committed upon her. And they were *tears of truth* that rolled down her face as she was talking and telling all of us in this very strange and very unusual circumstance for a little girl to have to be put through.
>
> And we all heard the hysterical cries that she finally exhibited after I was done talking to her about these things. If you'll recall, she broken [sic] down and went into hysterical crying. And I ask you is that, could that be anything but the truth?
>
> And I submit to you it certainly is nothing but the truth, and she told it. She's all that you all need to convict that, herself and it was proved beyond all doubt.
>
> She just couldn't fake, couldn't face, couldn't fabricate those tears and that hysterical cry as she relieved [sic, relived] those horrible things that a beloved family member, a trusted family member, did to her.

*Id.*, pp. 292-293 (emphasis added).

In rebuttal argument, the prosecutor again went over the evidence, arguing that the prosecution's witnesses were credible. *Id.*, pp. 310-315. He again mentioned the victim's tears:

> And tears flowed down her face. She put her hands in her face to try to hide the embarrassment that he put her through. And she walked out of here after talking about these things.
>
> And the defendant sat here and being accused of such horrible despicable crimes and said, no, sir, no, sir, no, sir. He didn't say absolutely not, I didn't do anything like that. Good grief, no, I didn't do that. No, sir, no, sir, no, sir. How did he act? How important was that?

*Id.*, p. 315.

The prosecutor concluded with the following:

> And now it's time for justice in this matter. Now is the time to show the defendant over there that he was wrong, not just wrong by committing

> these terrible crimes on a little girl that loved him, but wrong when he told her nobody will believe you.
>
> Now's the time to repay Mr. Sharpe over there for his little Valentine's gift[7] that he gave Courtney when he stole her childhood away from her. And now's the time to send him a little Valentine card and here's how to do it, right here. Do it with a verdict form. Do it because the evidence proved it. Do it because justice requires it.
>
> And send him a Valentine's Day card from you for Courtney, the defendant is guilty as charged in each one of these counts. Happy Valentine's Day, Mr. Sharpe, you're guilty. Thank you.

*Id.*, pp. 315-316.

Petitioner made no objection to the prosecutor's final argument. *Id.*, p. 316. A claim was made for the first time on direct appeal. *Id.*, Ex. E, pp. 32-36. Petitioner argued that the closing arguments were so prejudicial as to deny him "his constitutional right to a fair and impartial trial." *Id.*, p. 36.

Like ground one, the State argued in its answer brief that the claim had been procedurally defaulted by the lack of an objection at trial. *Id.*, Ex. F, pp. 27-28. However, unlike claim one, the State also argued the merits of the claim. *Id.*, p. 28. The State first noted the standard for fundamental error (which allows consideration of the merits of defaulted claims, discussed ahead). *Id.* The State argued that the "prosecutor's comments about the victim were permissible comments about her credibility." *Id.* The State also argued that the closing argument "did not invite the jury to convict Appellant for any reason other than by a proper determination of his guilt." *Id.*, p. 29. It was argued that "[a] full reading of the closing argument provides that the

---

[7] The victim had testified that one of the sexual batteries occurred on Valentine's Day. *Id.*, pp. 42-44.

Case No. 4:05cv164-RH/WCS

State's alleged improper argument was but a small and insignificant part of the closing argument." *Id.* The State concluded in its answer brief that

> [t]he prosecutor's concluding argument was not to evoke sympathy or play on the jury's emotions. The prosecutor argued to the jury that they should convict Appellant "because the evidence proved it." (R 395). Despite any flowery language that the prosecutor may have used, the ultimate argument to the jury was that the evidence proved the Appellant's guilt.
>
> Even if the prosecutor's arguments challenged the bounds of proper argument, the effect was not so prejudicial as to pervade the trial and impair the jury's rational consideration of the evidence. The allegedly improper argument was an infinitesimal part of the State's closing argument, and even smaller part of the State's entire case. The prosecutor's argument certainly was not so prejudicial as to vitiate the entire trial. Appellant's claim of fundamental error must fail.

As to the issue of procedural default, "[e]xcept in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court." Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982). "Fundamental error is error which goes to the foundation of the case." Sochor v. State, 619 So. 2d 285, 290 (Fla. 1993). "For an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process." Castor v. State, 365 So. 2d 701, 703 n. 7 (Fla. 1978). Fundamental error has also been defined by Florida cases as reaching into the very heart of the proceeding, reaching the validity of the trial itself, or reaching the merits of the action. Travers v. State, 578 So. 2d 793, 797 (Fla. 1st DCA), *review denied*, 584 So. 2d 1000 (Fla. 1991) (citations omitted). Improper closing argument may constitute fundamental error. Knight v. State, 672 So. 2d 590 (Fla. 4th DCA 1996). Thus, the fundamental error standard for overcoming state procedural default is essentially the same as the federal due process standard.

Since the Petitioner presented his federal claim on direct appeal and the arguments by the State went to the merits of the claim, and *had* fundamental error been shown, the claim would not have been defaulted from appellate review, it should be concluded that the state appellate court reached the merits of the federal claim.  This court should likewise reach the merit of this federal claim.

The state court's decision on the merits is entitled to deference even though it did not provide a written opinion.  "[A] decision that does not rest on procedural grounds alone is an adjudication on the merits regardless of the form in which it is expressed." Isaacs v. Head, 300 F.3d 1232, 1260 (11th Cir. 2002), *cert. denied*, 538 U.S. 988 (2003), *quoting* Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255-1256 (11th Cir. 2002), *cert. denied*, 538 U.S. 906 (2003).  "All that is required under § 2254(d)(1) is an adjudication on the merits, not a full state court opinion."  Parker v. Secretary for Dept. of Corrections, 331 F.3d 764, *776 (11th Cir. 2003), *cert. denied*, 540 U.S. 1222 (2004).

The purpose of closing argument under Florida law is to review the evidence with the jury and to argue inferences that may be drawn from the evidence:

> The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence.  Conversely, it must not be used to inflame the minds and passions of the jurors so that their verdict reflects an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law.

Bertolotti v. State, 476 So. 2d 130, 134 (Fla. 1985).  It is well-established that argument may be made as to questions of credibility from the trial evidence, including credibility as revealed by the demeanor of a witness.  Watkins v. Sims, 81 Fla. 730, 741, 88 So.

764, 767 (Fla. 1921). It is also well-established that the prosecutor may argue that a witness "lied" if that characterization is based upon trial evidence. State v. Comesana, 904 So. 2d 462, 463-464 (Fla. 3d DCA 2005).

> Both the prosecutor and defense counsel are granted wide latitude in closing argument. *See Ford v. State*, 802 So. 2d 1121, 1129 (Fla.2001). No area is more deserving of "wide latitude" than the defendant's ability in a criminal case to argue the "credibility and biases of the witnesses who testified at trial." *Goodrich v. State*, 854 So. 2d 663, 665 (Fla. 3d DCA 2003).

Williams v. State, 912 So. 2d 66, 68 (Fla. 4th DCA 2005).

Petitioner testified at his trial. Doc. 12, Ex. B, p. 272. Petitioner responded to almost all of the questions, both on direct and on cross examination, with "yes, sir" or "no, sir." *Id.*, pp. 272-275. When a defendant testifies, it is not improper to argue in closing argument that there was a "lack of zeal in denying guilt." Parker v. State, 641 So. 2d 483, 485 (Fla. 5th DCA 1994). Thus, it was not improper to compare Petitioner's demeanor to the demeanor of the victim.

With regard to the victim's demeanor, there is the admonition in Claridy v. State, 827 So. 2d 1088 (Fla. 1st DCA 2002) (decided after Petitioner's trial) that the prosecution refrain from "referring to the tears of prosecution witnesses as 'tears of truth.' " 827 So. 2d 1089. Although the caution was *dicta*, this *dicta* shows that the repeated references by the prosecution to the tears of the victim in this case, and especially use of the expression "tears of truth," is improper under Florida law.

It is one thing, however, for a Florida appellate court to give guidance to a prosecutor on a remand for a new trial, as was the case in Claridy, and quite another to find that stepping over this line in closing argument denied Petitioner a fundamentally

Case No. 4:05cv164-RH/WCS

fair trial.  A trial involving alleged sexual battery upon a child will necessarily give rise to very strong emotions.  While a formal trial attempts to reign in these emotions to foster a process of objectivity, a trial cannot and should not be sanitized completely.  The demeanor of the victim here (tears, shame, and hysteria) was as a part of this trial.  Demeanor runs the gamut of human experience and temperament.  Demeanor is evidence.  The finder of fact is charged with evaluating the demeanor of witnesses in making credibility determinations.[8]  It was not improper for the prosecutor here to argue that the victim was credible because of her specific demeanor in testifying.

The final comments made by the prosecutor were plainly improper.  In closing, the prosecutor argued:

> Now's the time to repay Mr. Sharpe over there for his little Valentine's gift that he gave Courtney when he stole her childhood away from her.  And now's the time to send him a little Valentine card and here's how to do it, right here.  Do it with a verdict form.  Do it because the evidence proved it.  Do it because justice requires it.
>
> And send him a Valentine's Day card from you for Courtney, the defendant is guilty as charged in each one of these counts.  Happy Valentine's Day, Mr. Sharpe, you're guilty.  Thank you.

This is a version of the "no mercy" argument condemned in several Florida cases.  The gist of the argument is that because the defendant showed no mercy to the victim, the jury should repay him by showing no mercy with its verdict.

---

[8] One of the values at the heart of the right to confront witnesses in court is that it "permits the jury . . . to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility."  United States v. Yates, 438 F.3d 1307, 1333 (11th Cir. 2006), *quoting*, California v. Green, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

In Rhodes v. State, 547 So. 2d 1201, 1206 (Fla.), *cert. denied*, 513 U.S. 1046 (1989), the court held that it was improper to urge the jury to show the same mercy to the defendant in its verdict as the defendant showed to the victim on the day of her death. The court said: "This argument was an unnecessary appeal to the sympathies of the jurors, calculated to influence their sentence recommendation." *See also*, Richardson v. State, 604 So. 2d 1107, 1109 (Fla. 1992).[9] The Florida Supreme Court, however, "has repeatedly found [that] 'no mercy' arguments, standing alone, do not amount to reversible error." Reed v. State, 875 So. 2d 415, 438 (Fla.), *cert. denied*, 543 U.S. 980 (2004).

Here, while the prosecutor improperly used a "no mercy" argument, the argument was tempered with the statement to "[d]o it because the evidence proved it." The impropriety came at the end, in a single connected argument. All of the remainder of the closing argument was properly focused upon the evidence, including the demeanor of witnesses. The jury could either believe the victim or Petitioner, but not both. Considered as a whole, despite the intemperance shown at the end of closing argument, Petitioner has not shown that there is a reasonable probability that, but for the prosecutor's offending remarks, the verdict would have been different. More important, Petitioner has not shown that the state court's adjudication of the merits of

---

[9] In Pacifico v. State, 642 So. 2d 1178, 1182 (Fla. 1st DCA 1994), a similar version of this error occurred. The prosecutor argued: "If the defendant walks out of here a free man today, that's your decision," and then said, "Now, does he walk out of this courtroom today laughing, or do you make him take responsibility for what he did to [the victim] that night?" 642 So. 2d at 1182. The court held this to be improper as an "implicit instruction to the jurors that it was [the jury's] *duty to society* to return a verdict of guilty." *Id.*, emphasis added.

this federal claim has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).  Ground two affords no relief.

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Emanuel Sharpe, challenging his convictions for sexual battery upon a child less than 12 years of age (two counts) in the Circuit Court of the Second Judicial Circuit, in and for Madison County, Florida, case number 00-121-CF, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2006.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**